(118 So. 649)

## STOUGH v. HERLONG et al. (3 Div. 779.)

Supreme Court of Alabama. Nov. 15, 1928.

William F. Thetford, Jr., of Montgomery, for appellant.

Joseph R. Bell, of Hayneville, and Powell & Hamilton, of Greenville, for appellees.

Brief did not reach the Reporter.

FOSTER, J. This is a bill in equity to impress a trust upon certain mortgage claims which belonged to W. H. Loftin in his lifetime. The complainant claims that a transfer of such mortgages to respondent Eva Loftin Herlong, executed by W. H. Loftin in his lifetime, created an equitable trust in favor of complainant and respondents. Since the transfer of the securities mentioned, Loftin died intestate, and left an estate consisting of property of various kinds. His widow was appointed administratrix. She was a second wife who had a minor child, and he also had adult children by a former wife. The widow, the complainant, and the respondent Mrs. Herlong, all employed different counsel. The administration progressed, and counsel were active in protecting their clients. They all together finally reached an agreement for the division of the estate and payment of the debts. At the conference complainant and her husband were present, but her counsel was not, though there is no claim of imposition on complainant, either by her or her counsel, that he was not present. The agreement so reached was then and there reduced to writing, and signed by all adults, including the widow for herself and minor child. Later, deeds were passed carrying out the agreement; the widow resigned as administratrix, and Mrs. Herlong was appointed as such. She has gone on with the administration, and paid the debts of over $6,000. The agreement provides for the widow and minor and divides the balance among the others, stating what specific property each receives.

The fourth paragraph disposes of all the property not specifically therein otherwise disposed of by awarding it to Eva Loftin (Herlong), Willie George Loftin, Comer Loftin, and Mrs. Barganier. The last paragraph (not numbered) refers to the subject of this litigation. It stipulates as an agreement between said four parties last above mentioned that the securities (the subject of this suit) shall not be governed by said fourth paragraph, but "shall in so far as said four parties are concerned be considered the property of said Eva Loftin (Herlong)."

The evidence shows that, when the settlement was made, there had been no claim of trust by complainant in the securities. The effort was to make settlement of all controversies about the estate. The contract referred specifically to the securities as the property of respondent, so that it would be clear that the residuary grantees would not claim it. Complainant claims that respondent, just before the contract was signed said to her, "I intend to divide the $11,000 with you all." Mrs. Rogers was present; she testified respondent said, "I will give you all a part, I will help you all out." The respondent denied such conversation. The only evidence upon which the trust is claimed consists of alleged statements of decedent to respondent, denied by her. Mr. Hamilton (counsel for the widow) testified that the value of the estate was estimated by including the value of the securities in question. The loose statements

360

attributed to respondent about dividing the securities in question with the others are very inconclusive. There is nothing definite alleged. It is not stated to what extent she would divide. The contract confirms the title in the respondent in so far as the residuary grantees were concerned. Mr. Hamilton testified that no one had mentioned any trust claim; therefore, it was evidently not thought necessary to express anything about such claim. The share of each heir was specifically provided for. No one was overreached, as claimed. If complainant had an equitable interest in the securities, it had the effect of an advancement, and all such interests are presumed to have been taken into account when the estate was divided by agreement.

■■ We do not think that the alleged casual remarks of respondent about giving the others a part, and helping them out, can be taken as a basis for recovery, nor are they sufficient to justify a conclusion that complainant's alleged trust claim was not concluded when the estate was by agreement in writing settled. Taking all the circumstances together, we conclude that the agreement of settlement was intended to include the whole matter. The agreement has been carried out.

We are in accord with the decree of the circuit court, and it is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER, and BOULDIN, JJ., concur.